ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| DAISY PACHECO SANTOS<br><br>Parte Peticionaria<br><br><br>v.<br><br><br><br>GÉNESIS SECURITY SERVICES, INC.<br><br>Parte Recurrida | TA2025CE00864 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2025CV03174<br><br>Sala: 605<br><br>Sobre: Despido Injustificado (Ley núm. 80) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

Compareció ante este Tribunal la parte peticionaria, Sra. Daisy Pacheco Santos (en adelante, la "señora Pacheco Santos" o la "Peticionaria"), mediante recurso de *certiorari* presentado el 5 de diciembre de 2025. Nos solicitó la revocación de la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, el "TPI"), el 1 de diciembre de 2025 y notificada el mismo día. A través del aludido dictamen, el TPI declaró "No Ha Lugar" la "**Moción Solicitando Anotación de Rebeldía**" presentada por la Peticionaria.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* ante nuestra consideración y *revocamos* la *Resolución* recurrida.

### I.

El caso de epígrafe tuvo su origen el 5 de noviembre de 2025, con la presentación de una "**Querella**" por parte de la señora Pacheco Santos en contra de Génesis Security Services, Inc. (en adelante, "Génesis Security" o "Recurrida"), por despido injustificado y represalias bajo el procedimiento dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, según

enmendada, mejor conocida como "Ley de Procedimiento Sumario de Reclamaciones Laborales, 32 LPRA sec. 3118 *et seq.* Mediante la misma, expresó que laboró desde el 30 de agosto de 2022 hasta el 10 de octubre de 2025 como guardia de seguridad de Génesis Security, cuando la Sra. Natividad Ortiz le manifestó que fue removida de la Escuela Ponce High, sin indicarle a dónde se tenía que reportar a trabajar. Destacó que, durante dicho periodo, recibió una compensación de $10.50 la hora por una jornada laboral de 32 horas semanales.

Asimismo, señaló que el 12 de mayo de 2025 realizó un reporte a la División de Recursos Humanos de Génesis Security informándoles acerca de ciertas faltas de respeto hacia su persona incurridas por la directora escolar, la Sra. Glamil Cartagena, y los oficiales Jaime Siracusa y Néstor Álvarez. Sostuvo que la conducta de Génesis Security sugiere que el despido estuvo motivado por razones ajenas a su desempeño laboral, lo cual alegó levantaba serias dudas sobre la legalidad de la acción patronal. Así pues, argumentó que fue despedida injustamente.

En vista de lo anterior, le peticionó al Tribunal que declarara "Ha Lugar" la "**Querella**" y, en consecuencia, ordene a Génesis Security a pagar: (1) una suma no menor de $100,000.00 por los actos de represalias incurridos, daños y sufrimientos a su reputación; (2) la doble penalidad establecida por ley, (3) la correspondiente mesada por despido injustificado y (4) honorarios de abogado.

Luego de varios trámites procesales impertinentes a la controversia de autos, el 25 de noviembre de 2025, la señora Pacheco Santos presentó una "**Moción Solicitando Anotación de Rebeldía**" mediante la cual precisó que la Recurrida fue emplazada personalmente el 7 de noviembre de 2025 y que, a la fecha de la radicación de dicha moción, no había contestado la "**Querella**". Igualmente, enfatizó que la Ley Núm. 2, *supra*, dispone claramente que cuando no se contesta la querella dentro del término requerido y no se solicita una prórroga juramentada, el Tribunal está obligado a dictar sentencia en rebeldía y conceder el remedio solicitado por el querellante. En armonía con ello, le solicitó al foro de

instancia que le anotara la rebeldía a Génesis Security y concediera el remedio solicitado en la "**Querella**".

Ese mismo día, la Recurrida presentó su "**Contestación a Demanda**", mediante la cual negó la mayoría de las alegaciones expuestas en su contra y aclaró que a la señora Pacheco Santos se le comunicó su reubicación mediante correo electrónico y que ésta se negó a ser relocalizada. Entre sus defensas afirmativas, incluyó las siguientes: (1) que la "**Querella**" no exponía una reclamación que justifique la concesión de un remedio, (2) que el patrono tiene inmunidad frente a la reclamación, (3) que cumplió cabalmente con su responsabilidad legal de manejar la situación y; (4) que el contrato de empleo dispone que la Peticionaria puede ser reubicada de su puesto de trabajo. En vista de lo anterior, le solicitó al foro de instancia que declarara "No Ha Lugar" la "**Querella**" presentada en su contra.

Al día siguiente, Génesis Security presentó una "**Moción en Oposición de Anotación de Rebeldía**" en la que argumentó que no fue emplazada conforme a derecho, ya que el emplazamiento no fue entregado a ninguna de las personas autorizadas por la Ley Núm. 164-2009, según enmendada, mejor conocida como la "Ley General de Corporaciones", 14 LPA sec. 3501 *et seq.* Alegó que el documento que la señora Pacheco Santos sostiene haber diligenciado fue entregado a una persona que no es, ni ha sido oficial, directora, agente residente, ni empleada con autoridad para recibir emplazamientos a nombre de dicha entidad. Arguyó que el diligenciamiento es nulo y no produjo efecto jurídico alguno, razón por la cual el término para contestar nunca comenzó a transcurrir. En la alternativa, argumentó que el plazo para contestar la "**Querella**" nunca comenzó, toda vez que el presunto emplazamiento no cumplió con los estándares mínimos establecidos en la Ley Núm. 2, *supra*, ni con las Reglas de Procedimiento Civil. En vista de lo anterior, le solicitó que declarara "No Ha Lugar" la "**Moción en Solicitud de Anotación de Rebeldía**".

Posteriormente, el 27 de noviembre de 2025, Génesis Security presentó una "**Solicitud de Desestimación y/o Moción de Sentencia Sumaria**" en la que sostuvo que procedía la disposición del presente caso, toda vez que no existen controversias reales y medulares que así lo impidan. Específicamente, señaló que nunca existió un despido, ni directo ni constructivo, sino un proceso administrativo de relocalización de puesto de una oficial de seguridad, tal como lo permite el contrato de empleo y el manual de la empresa. Asimismo, esbozó que la señora Pacheco Santos fue quien abandonó su trabajo al no responder a las comunicaciones oficiales de Génesis Security y no presentarse al puesto asignado por su patrono. Además, manifestó que la presente controversia ya se encontraba bajo la jurisdicción administrativa del Departamento del Trabajo y Recursos Humanos, puesto que la propia Peticionaria presentó una reclamación ante dicha agencia con anterioridad a la presentación de la "**Querella**" de epígrafe. En concordancia con lo anterior, le solicitó al Tribunal que desestimara, sin perjuicio, la "**Querella**" ante su consideración o, en la alternativa, que dispusiera de la causa de acción de represalias sumariamente por carecer de hechos suficientes y/o porque la prueba que presentó permitía dicho proceder.

Más adelante, el 1 de diciembre de 2025, la Peticionaria presentó una "**Réplica a Moción en Oposición a la Anotación de Rebeldía y Reiterando Solicitud de Anotación de Rebeldía**" a través de la cual reiteró su postura y adujo que Génesis Security incumplió injustificadamente con el término jurisdiccional de quince (15) días para contestar la "**Querella**" o solicitar una prórroga juramentada. Señaló que tal incumplimiento activaba automáticamente la obligación ministerial del Tribunal de anotar su rebeldía. Informó que la Sra. Adaliz Mojica Santiago funge como *Senior Employee Relations* del Departamento de Recursos Humanos de la Recurrida y que ostentaba representatividad suficiente bajo el procedimiento sumario establecido en la Ley Núm. 2, *supra*. Sostuvo pues, que Génesis Security quedó debidamente notificada de la reclamación en su contra, así como del término jurisdiccional para contestar

la "**Querella**". En sintonía con ello, le solicitó nuevamente al foro *a quo* que le anotara la rebeldía a la Recurrida.

Ese mismo día, el TPI emitió una *Resolución Interlocutoria* en la que declaró "No Ha Lugar" la "**Moción Solicitando Anotación de Rebeldía**". Inconforme con dicha determinación, la señora Pacheco Santos presentó el recurso de apelación que nos ocupa y le imputó al foro primario la comisión del siguiente error:

> ERRÓ EL TPI, AL ACTUAR DE FORMA *ULTRA VIRES* NEGÁNDOSE A ANOTAR LA REBELDÍA AL PATRONO QUIEN CONTESTÓ LA QUERELLA FUERA DEL TÉRMINO JURISDICCIONAL ESTANDO DEBIDAMENTE EMPLAZADO, ACTUANDO SIN JURISDICCIÓN CAUSANDO UNA GRAVE INJUSTICIA EN VIOLACIÓN DEL DEBIDO PROCESO DE LEY.

El 10 de diciembre de 2025, Génesis Security presentó su "**Oposición a Recurso de *Certiorari***".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

En nuestro sistema adversativo, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial". Acosta v. ABC, Inc., 142 DPR 927, 931 (1997); Reyes v. Oriental Fed. Savs. Bank, 133 DPR 15, 22 (1993); Pagán v. Rivera Burgos, 113 DPR 750, 754 (1983). El emplazamiento persigue, primordialmente, dos propósitos: (1) notificar a la parte demandada en un pleito civil que se ha instado una reclamación judicial en su contra, y (2) garantizarle su derecho a ser oído y a defenderse. Martajeva v. Ferré Morris y otros, 210 DPR 612, 620 (2022). De otra parte, el emplazamiento constituye el medio por el cual los tribunales adquieren jurisdicción sobre la persona del demandado, de forma tal que el emplazado quede obligado por el dictamen que finalmente se emita. Pérez Quiles v. Santiago Cintrón, 206 DPR 379, 384 (2021).

Los requisitos de un emplazamiento son de cumplimiento estricto, ya que su adecuado diligenciamiento constituye un imperativo

constitucional del debido proceso de ley. <u>Torres Zayas v. Montano Gómez *et al.*</u>, 199 DPR 458, 468 (2017), <u>Quiñones Román v. Cía. ABC</u>, 152 DPR 367, 374 (2000). A tales efectos, todo demandado tiene el derecho a ser emplazado "conforme a derecho y existe en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se utilicen procedimientos judiciales con el propósito de privar a una persona de su propiedad sin el debido proceso de ley". <u>First Bank of P.R. v. Inmob. Nac., Inc.</u>, 144 DPR 901, 916 (1998).

En esta misma línea, la Regla 4 de Procedimiento Civil regula lo concerniente a la expedición y diligenciamiento de los emplazamientos.32 LPRA Ap. V, R. 4. Específicamente, la Regla 4.4 (e) de Procedimiento Civil dispone que cuando la parte demandada es una corporación, el diligenciamiento deberá efectuarse "entregando copia del emplazamiento y de la demanda a un(a) oficial, gerente administrativo(a), agente general o a cualquier otro(a) agente autorizado(a) por nombramiento o designado(a) por ley para recibir emplazamientos". 32 LPRA Ap. V, R. 4.4 (e). Por otro lado, el emplazamiento de corporaciones también se rige por la Ley Núm. 164-2009, según enmendada, conocida como la "Ley General de Corporaciones", 14 LPRA secs. 3501 *et seq*. Sobre el particular, el Artículo 12.01 de dicho estatuto dispone lo siguiente:

> **Artículo 12.01 – Emplazamiento a Corporaciones**
> **A.** Se emplazará a cualquier corporación organizada en el Estado Libre Asociado entregando personalmente una copia del emplazamiento a cualquier oficial o director de la corporación en el Estado Libre Asociado, o al agente inscrito de la corporación en el Estado Libre Asociado, o dejándola en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito (si el agente inscrito es un individuo) en el Estado Libre Asociado, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado. Si el agente inscrito fuere una corporación, se podrá efectuar el emplazamiento a través de dicha corporación en calidad de agente, mediante la entrega en el Estado Libre Asociado de una copia del emplazamiento al presidente, vicepresidente, secretario, subsecretario o cualquier director del agente residente corporativo. El emplazamiento diligenciado mediante la entrega de una copia en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado, para ser eficaz, deberá dejarse en presencia de un adulto por lo menos seis (6) días previos a la fecha del

señalamiento del procedimiento judicial y el emplazador, informará claramente, la forma de diligenciamiento en la notificación de la misma. Si la comparecencia ha de ser inmediata, el emplazamiento deberá entregarse en persona al oficial, director o agente residente.

**B.** Cuando mediante la debida diligencia no pudiere emplazarse una corporación entregando el emplazamiento a cualquier persona autorizada para recibirlo, según lo dispuesto en el inciso (A) de este Artículo, tal emplazamiento, se diligenciará según lo dispuesto en las Reglas de Procedimiento Civil del Estado Libre Asociado. 14 LPRA sec. 3781.

El referido Artículo permite varias maneras para emplazar a una corporación. "La primera posibilidad es mediante la entrega del emplazamiento a la persona identificada como agente residente en el certificado de incorporación". C.E. Díaz Olivo, Corporaciones: Tratado sobre derecho corporativo, 2ª ed. rev., Ed. Almaforte, 2022, pág. 457. Asimismo, la Ley de Corporaciones permite que, además del agente residente, el emplazador pueda entregar copia del emplazamiento y de la demanda a un director u oficial de la corporación. "Por tanto, esta alternativa aplica al escenario donde el emplazador hace una entrega física, a la mano o en presencia de la persona natural designada a una de las tres (3) posiciones antes mencionadas". Rivera Torres v. Díaz López, 207 DPR 636, 651 (2021).

Sin embargo, esta no es la única opción que nuestro ordenamiento jurídico permite para diligenciar efectivamente un emplazamiento dirigido a una corporación. Nuestro Tribunal Supremo ha resuelto que:

[L]a segunda alternativa flexibiliza el diligenciamiento y permite dejar el emplazamiento junto a la demanda en, al menos, tres (3) lugares, a saber: el domicilio o la residencia habitual de alguna de las personas mencionadas en la primera alternativa, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado. Íd.

Según el profesor Díaz Olivo si "el emplazamiento se diligencia de esta manera, el mismo deberá dejarse en presencia de un adulto por lo menos seis días antes de la fecha del señalamiento del proceso judicial correspondiente". Díaz Olivo, *op. cit.*, pág. 458. Ahora bien, cuando se utiliza esta última alternativa, no es suficiente que el emplazador deje el emplazamiento en manos de cualquier empleado que esté dentro de los predios de la corporación. Este "método de notificación debe ofrecerle una

probabilidad razonable de informarle a la entidad que se ha presentado una acción en su contra". Íd. "La persona que recibe el emplazamiento **debe ser una persona que por su posición en la entidad puede presumirse razonablemente que transmitirá a sus superiores el emplazamiento y la demanda**". Íd. (énfasis nuestro).

Para ello, es imprescindible que se conozcan "los deberes, funciones y autoridad de la persona y no a su título". Hach Co. v. Pure Water Systems, Inc., 114 DPR 58, 63 (1983). "Es decir, lo verdaderamente importante es la relación entre la persona adulta ante quien se deja el emplazamiento y la corporación." Rivera Torres v. Díaz López, supra, pág. 652.

> [P]ara que la notificación hecha a la corporación sea válida y suficiente, se requiere que el emplazamiento se realice a través de personas que, por su posición o funciones, ostenten cierto grado de autoridad o capacidad para representar a la corporación. *Esto es, el denominador común en relación con las personas designadas para recibir los emplazamientos lo es el elemento de representatividad.* Lucero v. San Juan Star, 159 DPR 494, 512 (2003) (énfasis en la original).

**B.**

La Ley Núm. 2, *supra*, instituye un procedimiento sumario de adjudicación de pleitos laborales dirigido a la rápida consideración y adjudicación de aquellas reclamaciones de empleados contra sus patronos relativos a salarios, beneficios y derechos laborales. Rivera v. Insular Wire Products Corp., 140 DPR 912, 922 (1996). La naturaleza sumaria de este proceso responde a la política pública de "abreviar el procedimiento de forma que sea lo menos oneroso posible para el obrero". Dávila, Rivera v. Antilles Shipping, Inc., 147 DPR 483, 492 (1999).

De conformidad con dicho principio, los tribunales venimos compelidos a respetar lo siguiente: (1) los términos relativamente cortos dispuestos en el estatuto para contestar la querella; (2) los criterios estrictos para conceder una prórroga para contestar la querella; (3) el mecanismo especial que flexibiliza el emplazamiento del patrono, y (4) entre otras particularidades provistas por la ley, las limitaciones en el uso de los mecanismos de descubrimiento de prueba. Vizcarrondo Morales v. MVM, Inc., 174 DPR 921, 929 (2008).

En virtud de su carácter sumario, la Ley Núm. 2, *supra*, dispone que el patrono está obligado a presentar una contestación a la querella dentro de unos términos más cortos que los provistos en pleitos ordinarios. Así pues, la Sección 3 del estatuto establece que el patrono deberá presentar su contestación por escrito dentro de los diez (10) días siguientes a ser emplazado, si se hiciere dentro del distrito judicial donde se promueve la acción y en quince (15) días en los demás casos. 32 LPRA sec. 3120.

De conformidad con lo anterior, la aludida Sección de la Ley Núm. 2, *supra*, provee para que en los casos en que el patrono no presente su contestación en el plazo correspondiente. A esos fines, se regula la forma en que el tribunal de instancia debe proceder, por lo que se delimita su autoridad. Vizcarrondo Morales v. MVM, Inc., *supra*, pág. 929. En particular, la Sección 3 del estatuto, dispone, en su parte pertinente, lo siguiente:

> El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga. 32 LPRA sec. 3120 (énfasis suplido).

Conforme lo ha resuelto el Tribunal Supremo, de las transcritas disposiciones estatutarias se desprende "el deber inequívoco del tribunal de darle un cumplimiento cabal al procedimiento dispuesto en la Ley Núm. 2, *supra*, ya que carece de jurisdicción para extender el término para contestar una querella, a menos que se observen los criterios o las normas procesales para la concesión de una prórroga". Vizcarrondo Morales v. MVM, Inc., *supra*, pág. 930 (énfasis suplido). Así pues, para que proceda una prórroga dentro de un procedimiento sumario laboral, se requiere que el patrono querellado cumpla con los siguientes criterios adicionales en la

formulación de dicha solicitud, a saber: (1) que se juramente la moción; (2) que se especifiquen los motivos que justifican su concesión, y (3) que la moción se notifique a la parte querellante. 32 LPRA sec. 3120.

En ningún otro caso, por mandato legislativo, tendrá jurisdicción el tribunal para conceder esa prórroga. De hecho, aun si se cumple con los criterios expuestos, el tribunal no está obligado a conceder la prórroga, ya que esta determinación "dependerá de si la parte querellada demostró mediante la propia moción la existencia de una causa justificada para la dilación". Vizcarrondo Morales v. MVM, Inc., *supra*, págs. 930-931 (citas omitidas).

Alusivo a la aludida norma estatutaria, la Sección 4 de la Ley Núm. 2, *supra*, expone taxativamente que el incumplimiento con el término dispuesto para presentar la contestación a la querella o, en la alternativa, con los criterios para peticionar una prórroga, conlleva que el juez dicte sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado. Santiago Ortiz v. Real Legacy *et al.*, 206 DPR 194, 207 (2021). Además, la sentencia que esos efectos se dicte será final y de la misma no podrá apelarse. 32 LPRA sec. 3121. "[L]a consecuencia de que el querellado no conteste en el término prescrito sin acogerse a la prórroga, o cuando no surjan del expediente las causas que justifiquen la dilación, es la anotación de la rebeldía y la concesión del remedio solicitado sin más citarle ni oírle". Vizcarrondo Morales v. MVM, Inc., *supra*, pág. 935.

No obstante, el hecho de que se haya anotado la rebeldía no es garantía de que se tenga que dictar sentencia a favor del querellante. "Como es sabido, al dictarse una sentencia en rebeldía las alegaciones concluyentes, las conclusiones de derecho y los hechos alegados de forma generalizada no son suficientes para sostener una adjudicación a favor del demandante o querellante." Íd., pág. 937. Por tanto, luego de anotar la rebeldía, el Tribunal de Primera Instancia podrá celebrar las vistas evidenciarias que sean necesarias para que el querellante sustente las alegaciones consignadas en la querella, aplicándose los mecanismos

provistos en las Reglas de Procedimiento Civil para casos que se ventilan en rebeldía. Santiago Ortiz v. Real Legacy *et al.*, *supra*, pág. 208

**III.**

En el presente caso, la Peticionaria nos solicitó la revocación de la *Resolución Interlocutoria* del TPI en la que se declaró "No Ha Lugar" la "**Moción en Solicitud de Anotación de Rebeldía**".

Como único señalamiento de error esgrimido, la señora Pacheco Santos sostiene que el TPI erró al negarse a anotar la rebeldía a Génesis Security, quien contestó la "**Querella**" fuera del término jurisdiccional dispuesto por ley, a pesar de haber sido debidamente emplazada. Veamos.

Del expediente ante nuestra consideración se desprende que el 5 de noviembre de 2025 la Peticionaria presentó una "**Querella**" en contra de Génesis Security sobre despido injustificado y represalias, al amparo del procedimiento sumario dispuesto en la Ley Núm. 2, *supra*. Tras varias incidencias procesales, el 25 de noviembre de 2025, la señora Pacheco Santos presentó una "**Moción Solicitando Anotación de Rebeldía**" a través de la cual argumentó que la Recurrida fue debidamente emplazada el 7 de noviembre de 2025, por lo que tenía hasta el 24 de noviembre de 2025 para contestar la reclamación presentada.

Ese mismo día, Génesis Security presentó su "**Contestación a Demanda**" mediante la cual rechazó la mayoría de las afirmaciones expuestas en su contra y clarificó que la Sra. Pacheco Santos se negó a ser relocalizada en su lugar de empleo. Al día siguiente, la Recurrida presentó la correspondiente *Oposición* a la "**Moción Solicitando Anotación de Rebeldía**". A través de ésta, sostuvo que no fue emplazada adecuadamente, por lo que el término jurisdiccional para contestar la referida "**Querella**" no comenzó a transcurrir el 7 de noviembre de 2025, tal como alega la Peticionaria. El 1 de diciembre de 2025, la Sra. Pacheco Santos presentó su *Réplica.* En dicha fecha, el foro apelado emitió la *Resolución* recurrida mediante la cual denegó la solicitud de anotación de rebeldía presentada en contra de Génesis Security.

Conforme reseñáramos en los acápites anteriores, la Ley Núm. 2, *supra*, establece que el patrono tiene el deber de presentar una respuesta a la querella dentro de unos términos más cortos que los provistos en pleitos civiles ordinarios. Específicamente, la Sección 3 de la referida pieza legislativa establece que el patrono deberá presentar su contestación por escrito dentro de los diez (10) días siguientes a ser emplazado, si se hiciere dentro del distrito judicial donde se promueve la acción y en quince (15) días en los demás casos. 32 LPRA sec. 3120. De no presentarse dicha contestación, el juez tiene la obligación de dictar sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado. Santiago Ortiz v. Real Legacy *et al.*, supra, pág. 207.

Tras un análisis detenido y comprensivo del expediente ante nuestra consideración, incluyendo la "**Querella**", la "**Moción en Solicitud de Anotación de Rebeldía**", sus correspondientes *Oposiciones* y los alegatos presentados ante este Tribunal, hemos arribado a la conclusión de que el TPI erró al rechazar la anotación de rebeldía de la Recurrida sin antes celebrar una vista evidenciaria al respecto. Nos explicamos.

De entrada, es menester destacar que el 17 de noviembre de 2025 la Peticionaria presentó una moción mediante la cual presentó copia del emplazamiento que diligenció a nombre de Génesis Security. De conformidad con la constancia del diligenciamiento, el emplazamiento se diligenció el 7 de noviembre de 2025 por conducto de la Sra. Adaliz Mojica Santiago. Esta última presentó su "**Contestación a la Querella**" el 25 de noviembre de 2025. Esto es, la alegación responsiva de la Recurrida se presentó fuera del término jurisdiccional de quince (15) días que dispone la Ley Núm. 2, *supra*, desde que la Sra. Pacheco Santos diligenció al aludido emplazamiento. Ello provocó que la Peticionaria solicitara la anotación de su rebeldía.

No obstante lo anterior, en la *Oposición* a la "**Moción en Solicitud de Anotación de Rebeldía**", Génesis Security alegó que el emplazamiento no fue diligenciado conforme exige nuestro ordenamiento jurídico. Específicamente, expuso que nunca fue emplazada conforme a derecho,

por lo que el término jurisdiccional para contestar tampoco comenzó a transcurrir. Fundamentó su postura en que la Ley Núm. 164-2009, *supra*, dispone un conjunto estricto de destinatarios válidos para recibir emplazamientos en nombre de una corporación. Sostuvo que la Sra. Adaliz Mojica Santiago no es oficial, directora, agente residente, no figura en el Departamento de Estado como persona autorizada, y tampoco ocupa una posición corporativa con autoridad para recibir emplazamientos por nombramiento. Por tanto, arguyó que ello convertía el diligenciamiento en controversia en un acto nulo, carente de efecto jurídico alguno. Por su parte, la Peticionaria expuso que la Sra. Mojica Santiago sí tenía autoridad representativa para ser emplazada a nombre de la corporación y que Génesis Security estuvo válidamente notificada del pleito iniciado en su contra.

Conforme lo reflejan los autos, el TPI adjudicó la controversia a base de alegaciones de ambas partes, sin que se presentara evidencia alguna sobre el grado de autoridad o capacidad para representar a la corporación de la Sra. Mojica Santiago. En otras palabras, el expediente está huérfano de prueba alguna tendente a establecer si esta última, por su posición en la entidad, puede presumirse razonablemente que transmitirá a sus superiores el emplazamiento y la "**Querella**". Frente a estos planteamientos, el curso procesal adecuado debió ser la celebración de una vista evidenciaria para dilucidar si la Sra. Adaliz Mojica Santiago, en efecto, ostenta una posición corporativa con autoridad para recibir emplazamientos a nombre de Génesis Security.

Es decir, el foro *a quo* no podía adjudicar la validez del diligenciamiento del emplazamiento sin antes determinar si la Sra. Mojica Santiago era oficial, directora o agente residente inscrito o tenía autoridad en ley para recibirlo y entenderse que notificó a sus superiores sobre la presentación del pleito. Resolver en sentido contrario, implicaría pasar por alto un asunto medular de debido proceso de ley y resolver una cuestión que requiere la presentación de prueba.

En suma, concluimos que el TPI erró al declarar "No Ha Lugar" la "**Moción en Solicitud de Anotación de Rebeldía**" interpuesta por la Peticionaria, sin previamente celebrar una vista evidenciaria que permitiera escuchar la prueba y recibir la evidencia necesaria para confirmar o descartar la corrección del diligenciamiento del emplazamiento objeto de la presente controversia, garantizando así el debido proceso de ley de las partes.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, expedimos el auto de *certiorari* ante nuestra consideración y *revocamos* la *Resolución Interlocutoria* recurrida.

Se devuelve el caso al foro de origen para que se celebre una vista evidenciaria en la que se dirima si la Sra. Adaliz Mojica Santiago tenía autoridad en ley para recibir el emplazamiento expedido a nombre de Génesis Security o no, y la luz de la prueba que se presente, adjudicar la procedencia o no de la anotación de rebeldía en contra de la Recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones